OPINION
{¶ 1} Appellees Michael and Nikki Rossetti live on Wales Road in Jackson Township, on opposite sides of a twenty-seven foot wide easement from appellants David and Karen Doyle. The recorded easement is for ingress-egress purposes. Mark and Regina Anderson, defendants in the instant case, owned two properties located behind the Doyle's, and appellees Joseph and Teresa Check own a house and other lots at the end of the easement. Appellee East Ohio Gas has a service pipeline for gas located under a portion of the site of the easement nearest to the Doyle properties. In the late 1990's, the Doyle's built a house on the opposite side of the easement from the Rossetti's. The Doyle's began obstructing the easement by placing fencing, vegetation, bushes, rocks, and other landscaping materials on it.
 {¶ 2} In the summer of 2000, the Check's approached the Rossetti's about widening the gravel portion, due to the narrowing of the driveway portion caused by the Doyle's. The Rossetti's replied that they wanted the obstructions removed. The Check's did not want to deal with the obstructions, and began driving over the Rossetti's lawn. The Rossetti's put up stones to prevent the Check's from driving on their lawn. This caused the Check's to file the instant declaratory judgment action on September 1, 2000. The Rossetti's removed the stones, but the Check's continued driving over the lawn, which resulted in Rossetti's suing the Check's. The trial court eventually ordered that all parties with property interests in the easement be brought into the lawsuit. The trial court then ordered the matter to mediation.
 {¶ 3} The first mediation was held September 20, 2001. According to the mediator's report filed September 21, which included the signatures of the parties and their counsel, a settlement appeared to have been reached. The mediation required that the easement be free of all obstructions, that a new survey be performed to show the true center of the easement, and that a portion of the easement be graveled into an arc shape, going out onto Wales Road, to provide easier ingress and egress. The cost of the survey and graveling were to be split between all parties except East Ohio Gas. The mediation agreement required the parties to reduce the agreement to writing after the survey was complete. The attorneys circulated various judgment entries without any agreement.
 {¶ 4} On May 6, 2002, the Rossetti's filed a motion to adopt their proposed entry, or in the alternative to enforce the mediation agreement or re-set the matter for trial. The court ordered a second mediation for July 11, 2002, which was unsuccessful. The court held a hearing on the motion on August 15, 2002. At the hearing, counsel for the Doyle's stated while they agreed with the new survey, they objected to the proposed entry stating that the entire easement was to be free from obstructions. Counsel argued that the mediation agreement had reformed the easement to only the graveled portion of its original twenty-seven feet. Counsel argued that beginning six inches to one foot away from the graveled portion of the easement, the area did not need to be free from obstructions. This claim was not included in the mediator's report filed in September of 2001.
 {¶ 5} The Rossetti's informed the court that their interpretation of the first settlement agreement is that the entire twenty-seven foot wide easement would remain unobstructed, and the parties had merely agreed to gravel a larger portion for driveway purposes.
 {¶ 6} The court stated on the record that it would sign the entry prepared by the Rossetti's as a fair representation of the mediation agreement. The court continued that all obstructions adjacent to the graveled areas were to be removed, and interpreted the word adjacent as meaning "next to the easement." However, the entry was not filed following this hearing.
 {¶ 7} The Rossetti's filed a show-cause motion against the Doyle's for failing to remove obstructions on the easement. The Rossetti's sought to enforce the court's ruling of August 15, 2002. The case proceeded to a show-cause hearing on November 26, 2002. At this hearing, the court noted that the journalization of the August 15, 2002, ruling did not occur until November 1, 2002. The court noted on the record that because counsel for the Rossetti's failed to serve the entry in a timely fashion in accordance with Loc.R. 18(B), the date for compliance with the judgment did not begin until the hearing date of November 26, 2002, and the show-cause motion was thereby dismissed.
 {¶ 8} We first address the issue of the timeliness of the appeal. The entry was filed on November 1, 2002. The notice of appeal was filed December 26, 2002.
 {¶ 9} The court's entry of November 1, 2002, states that it is copied to counsel for each of the parties. However, the entry includes a stamp by the court, instructing counsel for appellee to serve the entry on all parties pursuant to Loc.R. 18. Loc.R. 18(B) provides that the court shall approve a judgment deemed by it to be proper, sign the same, cause it to be filed with the clerk, and notice of filing of the entry shall, on the day following such filing, be given to all parties by the party presenting such judgment to the court for approval. The rule further provides that the time for doing any other act resulting, caused or required by the filing of such judgment entry shall not commence until such notice has been given.
 {¶ 10} At the November 26 hearing, it is clear from the record the court concluded that counsel for the Rossetti's failed to properly serve the signed and journalized entry in accordance with this rule. The court stated on the record that the date of the hearing is the day that all parties had notice and the time would start to tick for compliance with the entry. Tr. 28. Because the record reflects that the entry was not properly served in accordance with the rule, and the court specifically found that the date of service became November 26, 2002, we find that the appeal is timely.
 {¶ 11} Appellants have failed to specifically assign error to the trial court's judgment as required by App.R. 16. However, from the briefs and the record, we conclude that the only assignment of error which could be raised by the appellant is that the court abused its discretion in adopting the judgment entry which summarized the settlement agreement of the parties as reached during mediation.
 {¶ 12} Appellants appear to argue that the mediation agreement constituted a reformation of the easement, to narrow it to only the graveled portion plus six inches to one foot on each side of the graveled portion. It is clear from a reading of the mediator's report that the parties agreed only to expand the graveled portion of the driveway, and not to reform the easement. None of the parties objected to the mediator's memorandum. It is clear from the record that the proposed judgment, as signed by the court, accurately memorialized the mediation agreement which was entered into by the parties, signed by the parties.
 {¶ 13} The court did not abuse its discretion in adopting the judgment entry following mediation.
 {¶ 14} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.